JOHN SCUDDER *against* JOHN H. SCUDDER. SAME *against* J. H. SCUDDER and J. W. CORYELL. JOHN CORYELL *against* JOHN W. CORYELL. SAME *against* J. H. SCUDDER and J. W. CORYELL.

A judgment entered by confession, upon a bond with warrant of attorney, under the act of 24th February 1820, (*Rev. Laws*, 685) will not be set aside,

Scudder *v.* Coryell.

upon the application of a subsequent judgment creditor, though the copy of the bond and warrant of attorney upon which the judgment was entered, was made upon two half sheets of paper, and not upon a *whole* sheet.

Nor will it be set aside, because the copy of the bond and warrant of attorney, at the end of which the judgment is entered, contains erasures and obliterations.

Nor because the affidavit of the plaintiff (required by the act) states that a payment was made by him of a less sum to take up a note of the defendant for a larger sum, without stating in what manner the residue of the note was paid.

Nor because the affidavit stated "that the debt for which the judgment was confessed was justly due and owing to the plaintiff," without setting forth from, or by whom it was owing.

Nor because the affidavit states that the money, for which the bond was given, was lent to the defendant seven years before the date of the bond.

Nor because the affidavit is in general terms and does not affix any sums or dates to the various items stated in it as composing the consideration of the bond.

Nor because the day of the month is omitted in the *jurat* of the affidavit.

Nor because the officer before whom the affidavit was taken, annexed to his name the letters J. P. only and not the style of his office, in words at length.

Nor because the affidavit was entitled against two persons as partners, and the judgment entered against them generally.

Nor because, the affidavit did not state in terms, that the notes which formed a part of the consideration for which the bond was given were *paid*, "but only that they were satisfied to the holder, and taken up by the plaintiff."

Nor because the affidavit was made on the 6th of November, and the bond did not become due until the 7th of the same month. The words "due and owing" made use of in the statute, mean a simple indebtedness, without reference to the time of payment.

Where fraud or want of consideration is alleged against a judgment entered by confession on bond with warrant of attorney, the court may order a feigned issue.

*Harrison* and *Armstrong,* on behalf of Worley and Welsh, subsequent judgment creditors, applied to set aside several judgments which had been entered by confession on bonds and warrants of attorney against Scudder and Coryell.

*Hamilton* and *Saxton,* opposed the application.

EWING, C. J. Worley and Welsh, subsequent judgment creditors of the defendants, John H. Scudder and John W. Coryell, move to set aside certain judgments entered up in favor of John Coryell and John Scudder, and rely on 1st. departures from the directions of the act in entering up the judgments; 2d. defects in the affidavits accompanying them; and 3d. want of consideration and fraud in the bonds.

Under the first head, it is objected, that the copy of the bond and warrant of attorney is not made as required by the statute on a *whole* sheet of paper; and if by whole, is to be understood, entire or undivided, then the objection is true in point of fact. And so it would be if any portion, however small, of the original sheet, had been taken off, although the residue remained unseparated. The copy is placed on two half sheets. But if the term, whole, has allusion to quantity, the statute is literally complied with; for as long as the whole shall be equal to all its parts, if all the parts, though a thousand in number, be present, the whole is there.

Again, the copy is said not to be, what the statute requires " a fair copy," for there are many erasures or obliterations. In making the copy, a printed blank, to save labor or for some other motive of convenience, has been used, and where superfluous or different words were found they have been obliterated. If the term fair means legible, the statute has been pursued, for the copy is easily read. If fair stands for free from spots or blemishes, these are there, although in such sort as by no means to impede the ready perusal, or to render difficult the correct understanding, of the instrument.

The legislature, in directing the judgment to be entered, at the end of a fair copy of the bond and warrant, made on a whole sheet of paper for the purpose, designed merely to give useful instructions, but in no wise to prescribe conditions on which the validity of the judgment should depend. One purpose of the statute was to diminish and simplify

forms, so that professional aid might be dispensed with; and we cannot therefore readily believe they have so raised immaterial and unessential forms as to effect the vitality of the judgment.

Let us pursue somewhat further this rule of strict literal criticism, and examine its consequences; for if applied to one clause or provision, by parity of reasoning, so it must be to every other of the statute. "It shall be lawful for the obligee, his executors, administrators or assigns to apply to any one of the justices." But in many, perhaps most cases, some attorney at law, and not the obligee, makes the application, and produces the bond and warrant of attorney. Are all such judgments liable to be set aside? The second section directs that the copy of the bond and warrant, and the entry of the judgment be delivered by the plaintiff, or person applying for the judgment, to the clerk of the court. If it be sent by some other person, or transmitted by mail, is the judgment in jeopardy? The objections in question cannot, upon any sound legal principles, prevail against these judgments, especially in favor of third persons whose rights however they may be effected by substantial errors or by fraud, can in no wise be diminished, because the copy is made on an half sheet, or on two half sheets, instead of an whole sheet; or because there are numerous blots on the copy, or he who made it was not an adept in calligraphy.

In examining the objections made to the affidavits, it will be necessary to view them separately and in reference to their contents alone. "In the case of John Scudder, John H. Scudder, and John W. Coryell, it is alleged: 1. That the affidavit does not shew a debt or demand against the firm, or perhaps more properly speaking, against both defendants. The affidavit states the consideration of the bond to be "for $450 cash paid by the deponent to The Trenton Banking Company, to take up a note of five hundred dollars, drawn by John H. Scudder, and endorsed by the deponent for so much money borrowed of the said T. B.

Co. for the use of the said John H. Scudder and John W. Coryell, partners trading under the name, style and firm of John H. Scudder and Company, and the lawful interest on the said sum so paid by the deponent." According to this affidavit then, a sum of money was borrowed for the use of both defendants, and afterwards actually paid for their use to the bank by the deponent, who became liable for it as surety; and although the note on which the money was received from the bank was drawn by one of the firm, yet a meritorious cause of action accrued to the deponent against both defendants, for whose use it was borrowed and paid. As already remarked in examining the sufficiency of the affidavits, their contents alone are to be viewed. The matters *aliunde* which were laid before us in respect to this note belong to another head of objection.

2d. The second objection to this affidavit is, that it states a payment of $450 to have been made to take up a note of $500, a part only of the amount of the note. But if that sum was paid by the plaintiff, it forms the just amount of his demand, and in what manner the residue was paid, whether by the defendants or in whatever way, is, for the purpose the legislature had in view, in requiring the affidavit, entirely unimportant.

3d. To this affidavit it is objected, in common with some of the others, that it avers the debt for which the judgment is confessed to be justly due and owing to the plaintiff, but does not set forth from or by whom. The affidavit contains what is directed in the section of the statute requiring it. Nothing more than is here expressed is made necessary. The language of the section is almost literally pursued.

To the affidavit in the case of *John Scudder* v. *John H. Scudder* it is objected, that the demand set forth in it, being for money lent seven years before the date of the bond, was barred by the statute of limitations. Whether barred or kept alive by acknowledgments and promises, does not appear; but even if barred, it would furnish a valid con-

sideration for a promise, and of consequence for a bond. The cases cited to prove that a debt barred by the statute of limitations, cannot claim allowance in case of bankruptcy, have no analogy which can bear on the present question. If this objection has any force, it must be to shew a want of consideration in the bond, and falls therefore under another class of the exceptions which are raised against these judgments.

In the case of *John Coryell* v. *John H. Scudder* and *John W. Coryell*, several objections are taken to the affidavit.

1. " Because it is in general terms, no sums or dates being affixed to the various items stated in it as having composed the demand in consideration of which the bond was given." A minute detail of sums and dates does not seem required by any thing in the statute, a specification is not prescribed. The practice under the statute has been, I believe universally and I think correctly, to state the consideration in general terms.

2. " In the *jurat* of the affidavit, the month and year are given, but the day of the month is omitted." The affidavit refers to the bond bearing date on the third and payable on the fourth of November, then current, and was produced when the judgment was signed on the eighth of the same month, and must therefore have been taken between the two last named days. The statutory directions have been substantially pursued by the making and production of an affidavit; and no sound principle can require us, at the instance of a third person, to defeat the judgment on account of this omission, not affecting any essential part of the proceedings.

3. " The officer, before whom it was taken, does not set out his style of office." He subjoins to his name the letters, J. P. The affidavit begins by naming the county " Hunterdon, ss." and the common and known use and appropriation of those letters to signify in proceedings of this kind " justice of the peace " are sufficient to shew, that he thus

intended to designate his office, and at least to sustain, in connection with the name of the county in the margin, a presumption that the affidavit was made before a justice of the peace in the county of Hunterdon. The affidavit in the case of *The State* v. *Hutchinson*, decided at November term, 1828, had a name only signed to the *jurat*, without the slightest description of office. The court in that case adverted to "the accustomed abbreviations," without, it is true, expressing any opinion of their sufficiency. In *Kennet* v. *Jones*, 7 *T. R.* 451, an affidavit for bail which appeared by the *jurat* to have been taken before "Thomas Merriman, a commissioner," without saying by what court he was commissioned, and without being entitled "in the *King's Bench*," or otherwise, was held sufficient; and the court said an indictment for perjury might be framed on it, if the contents were not true. In *Jackson* v. *Humaer*, 2 *Cowen* 552, the *jurat* of an affidavit produced in evidence on the trial and purporting to be an affidavit under the statute regulating proceedings upon mortgages, was in the following manner, "sworn before me this 1st day of November, 1821, George Dexter, com'sr., &c." It was held sufficient by the court, and *Talcott, attorney general* said, *arguendo,* "This court have repeatedly decided that the words commissioner, &c., are sufficient to an affidavit in support of a motion." In New York, there are commissioners to take bail and affidavits, commissioners to perform certain duties of a justice of the Supreme Court, and commissioners to take the acknowledgments of deeds; three distinct offices.

To the affidavit accompanying the other judgment of *John Coryell* v. *John H. Scudder* and *John W. Coryell,* it is objected.

1. That the affidavit is entitled against them, partners, &c., and the judgment is entered against them generally. The judgment is properly entered; even if they were actual partners at the time of signing it; or if the debt had been

Scudder *v.* Coryell.

contracted by them as partners; and the words "partners, &c.," in the title of the affidavit may be rejected as surplusage.

2. "The affidavit does not shew a debt of the firm." This objection is not supported in point of fact. The notes mentioned in the affidavit were indeed given by John W. Coryell and the deponent; but it is expressly stated that they were given for money borrowed, at their dates, for the use of the said John H. Scudder and John W. Coryell, partners, and paid to one of them to be applied accordingly, and that they were satisfied and taken up by the deponent at *their* instance.

3. "The affidavit does not shew that the notes were paid." It states, however, that they were satisfied to the holder by the deponent, and taken up by him, and in such manner that the amount of them became due and owing to the deponent; and thereby a sufficient charge against the defendants is shewn.

4. Another objection to the affidavit is, that it was taken on the 6th of November, before the bond became payable, which was on the 7th of the same month; and as the statute requires the affidavit to set forth, that the debt for which the judgment is confessed, is justly due and owing to the person to whom the judgment is confessed, the affidavit was, therefore, it is said, prematurely made. The word "due" has more than one signification, or is used on different occasions to express distinct ideas. At times it signifies a simple indebtedness without reference to the time of payment. *Debitum in presenti, solvendum in futuro.* At other times it shews that the day of payment or render has passed. In the former sense it appears to have been used in the statute; as it is connected with a word of the like signification "due and owing;" and as the face of the bond would serve to shew whether the day of payment had passed; and as it is abundantly manifest the purpose of the legislature in the clause referred to, was not to delay the entry of judgment

until after the day of payment, for that had been provided for in an antecedent clause, but to secure fairness, honesty and good faith in the transaction. Moreover, the word *justly* being connected with the word "*due*," shews the true import of the phrase "justly due." Such appears to have been the opinion of this court, in respect to the use of the words, in the case *Warrick* v. *Matlack*, 2 *Halst.* 165. If, then, the design of the statute in requiring the affidavit was simply to prevent the entering up of judgments where no indebtedness existed really and in good faith, and to defeat fraudulent purposes, the taking of the affidavit one day before the bond became payable and two days before the signing of the judgment is no such departure, and tends to no such evil, as should vitiate the judgment.

In the several exceptions which I have considered, I do not find sufficient cause to set aside either of the judgments, and more especially as in the 3d section of the statute directing the mode of entering judgments on warrants of attorney, it is enacted that no such judgment shall be reversed for error or misprision of the clerk in entering the same or defect of form in the entry thereof.

In the 3d place, against all these judgments, want of consideration and fraud in the bonds and warrants of attorney, and in the purpose for which they were executed and the judgments were entered up, are alleged; and various matters were urged by the counsel of Worley and Welsh, in support of this allegation. To review them in detail is unnecessary and would be improper in the course of preceding which in my opinion should be adopted. The court may either decide on these charges or may direct a feigned issue, according to their discretion; and the latter affording a trial by jury is on proper occasions to be preferred. A feigned issue was ordered by this court, in September term, 1824, in the case of *Joab Titus* v. *Moses Burroughs*, at the instance of William Covenhoven, a subsequent judgment creditor.

In my opinion, therefore, the motion to set aside these judgments should be overruled, and if Worley and Welsh think proper to move for the same, a feigned issue should be ordered.

FORD, J. Worley and Welsh obtained judgment against Scudder and Coryell, on verdict for $1100 in the Supreme Court, in November term, 1828; a few days prior to it, Scudder confessed a judgment on bond and warrant to his father; and Scudder and Coryell confessed a *joint* judgment to him in like manner; at the same time Coryell confessed a judgment to *his* father in like manner; and Scudder and Coryell confessed in like manner, to him also, a joint judgment. The bonds and warrants bore date only two or three days previous to the confessions and entries. Worley and Welsh now move to set aside these four judgments and executions upon two general grounds: First, that they are entered irregularly, under the act directing the mode of entering such judgments, *Rev. Laws* 685; and therefore are absolutely void. Secondly, that they are covinous and fraudulent, and for that reason void, as against Worley and Welsh, who are *bona fide* creditors.

First. Objections are taken to these judgments, because they are not entered in strict conformity to the mode directed by the statute; that each of them is entered on papers, connected by pins or wafers, and not on a whole sheet, as required by the act; that there are interlineations and erasures in the copy of each bond, when the act requires a *fair* copy expressly; that one of the affidavits is without a date; and instead of being made before a proper officer, the person before whom they are sworn, adds after his name, the initials J. P. which may stand for any other words in the English language, beginning with J. P. as well as the words, justice of peace. But these present no ground for setting aside judgments on the application or interference of third persons, however available they might be on the application

of the defendants themselves. The idea that a power of allowing judgment at chambers is a special one, delegated by the provisions of this act to a judge, and that his jurisdiction depends on a strict conformity to the mode therein provided, so that the judgment becomes not merely voidable on a writ of error, but by reason of any departure from such forms and requirements, utterly void for want of jurisdiction, is an idea that cannot be maintained or adopted. The power of entering these judgments at chambers has belonged to judges of courts of common law from almost the earliest period of juridical history to the present time; and this statute was intended for the regulation of an existing power at the common law, and not for the introduction of a new one. These judgments are not to be considered null and void for want of form under this act, any more than they were for lack of form prior to the passing of this statute; because there is *no defect of jurisdiction* in either case, but only an irregularity of proceeding. Such exceptions are as available for setting aside the judgment upon a writ of error, at the suit of *the party,* as ever they were; but as long as it stands unreversed, it must be recognized as a valid judgment, in all proceedings collateral to it, either by third persons or even the parties themselves. No side-way proceeding can set aside the judgment of a court of competent jurisdiction, it can be done by a direct proceeding only; and therefore none can take advantage of these defects *in form* but the parties themselves, and that for two very obvious reasons, one, that they are injurious to nobody else, and another, that none beside the party to the record can have a writ of error. But though courts of justice never allow judgments to be impeached for irregularity or want of form by third persons, yet they allow them to be assailed for *fraud or covin* on the application of *creditors,* and have exercised an equitable power immemorially to inquire into them for these causes, and to set them aside; when such accusations appear to be true. For fraud and covin will vitiate every kind of act,

and fraudulent judgments are made as void against credi-
tors, as fraudulent conveyances, under the statute of frauds,
*Rev. Laws* 148.   This brings under consideration the

Second general ground, namely :  That these judgments
are fraudulent, and therefore void as respects Worley and
Welsh, who are *bona fide* creditors of Scudder and Coryell
the defendants.   As this gives rise to a very important ques-
tion of fact, which, will be settled more satisfactorily perhaps
by a jury, I think the creditors ought to be left to that
course.

· Motion to set aside overruled, with leave to move for
feigned issues, &c.